UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

------------------------------------------ x
STEVE HAUGHT,                            :
on behalf of himself                     :
and similarly situated employees,        :
                                         :
                 *Plaintiff*,            :
                                         :
            v.                           :
                                         :
SUMMIT RESOURCES, LLC,                   :   Civil Action No. 1:15-cv-00069
                                         :   (Judge John E. Jones, III)
                 *Defendant*.            :
                                         :
                                         :
                                         :
------------------------------------------ x

**Order Granting
Preliminary Approval of Settlement**

AND NOW, upon review of the Joint Motion for Preliminary Approval of Collective and Class Action Settlement submitted by Plaintiffs Steve Haught, Justin Lamm, Jimmy Gibbs, Terry Dinkelman, Clovis Rushing, and Jeannie Rushing, and upon review of the Collective and Class Action Settlement Agreement and Release (the "Agreement"), including all attachments submitted with those documents, IT IS HEREBY ORDERED:

1. This Order incorporates by reference the definitions in the Agreement, and all terms defined therein shall have the same meaning in this Order as set forth in the Agreement.

2. Pursuant to Federal Rule of Civil Procedure 23, the Court orders class certification of the proposed PMWA Settlement Class (all individuals who, during the Class Period, worked for Defendant in Pennsylvania as a Right of Way Agent and paid a day rate) for settlement purposes only. Should the Settlement not become final for any reason, the fact that the Parties were willing to stipulate to class certification as part of the Settlement shall have no bearing on, nor be admissible in connection with, the issue of whether of a class should be certified in a non-settlement context.

3. Pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), the Court orders collective-action certification of the proposed FLSA Settlement Notice Group (all individuals who, during the FLSA Settlement Period, were employed by Defendant as a Right of Way Agent and paid a day rate) for settlement purposes only. Should the Settlement not become final for any reason, the fact that the Parties were willing to stipulate to collective action certification under the FLSA as part of the Settlement shall have no bearing on, nor be admissible in connection with, the issue of whether of a collective action should be certified in a non-settlement context.

4. Plaintiffs Steve Haught, Justin Lamm, Jimmy Gibbs, Terry Dinkelman, Clovis Rushing, and Jeannie Rushing are appointed and designated, for all purposes, as the representatives of the PMWA Settlement Class and the FLSA Settlement

Notice Group (together, the "Class"), and Joseph H. Chivers of The Employment Rights Group and John R. Linkosky of John Linkosky & Associates are appointed and designated as Class Counsel. Class Counsel are authorized to act on behalf of Class Members with respect to all acts or consents required by, or which may be given pursuant to, the Settlement, and such other acts that are reasonably necessary to consummate the Settlement. Any Class Member may retain separate counsel at the Class Member's own expense, and that separate counsel may enter an appearance on behalf of the Class Member(s) whom the separate counsel represents. Any Class Member who does not have separate counsel enter an appearance or appear on his or her own will be represented by Class Counsel.

5. The Court preliminarily approves the definition and disposition of the Maximum Settlement Amount and related matters provided for in the Agreement.

6. The Court preliminarily approves the Agreement and the settlement contained therein. The Court observes on a preliminary basis that the Agreement appears to be within the range of reasonableness of a settlement that could ultimately be given final approval by this Court. The Court has reviewed the monetary recovery that is being granted as part of the Settlement ($325,000, out of a Maximum Settlement Amount of $500,000.00, for distribution to Participating Class Members, with any unclaimed amounts, including but not limited to un-cashed checks as well as amounts allocated to persons who have excluded themselves from settlement, to

remain the property of Defendant) and recognizes the significant value to the Class of that monetary recovery. It appears to the Court on a preliminary basis that the settlement amount is fair, adequate, and reasonable as to all potential Participating Class Members when balanced against the probable outcome of further litigation relating to liability and damages issues. It further appears that extensive and costly investigation and research have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions. It further appears to the Court that settlement at this time will avoid substantial additional costs by all Parties, as well as avoid the delay and risks that would be presented by the further prosecution of the Action. It further appears that the Settlement has been reached as the result of intensive, serious, non-collusive, arm's-length negotiations.

7. The Court preliminarily approves an Enhancement Award for the Class Representatives in the total amount of $15,000.00, to be paid pursuant to the requirements and conditions of paragraph 8 of the Agreement.

8. The Court preliminarily approves the Class Counsel Award in the amount of $160,000.00 ($150,000 of which comprises attorneys' fees, and $10,000 to reimburse Class Counsel's litigation costs), subject to the requirements and conditions of paragraph 9 of the Agreement. Class Counsel shall submit a motion for approval of attorneys' fees and costs at least seven days before the Final Fairness

and Approval Hearing. Any objections to that motion will be heard and considered at the Final Fairness and Approval Hearing.

9. A hearing (the "Final Fairness and Approval Hearing") shall be held before this Court to determine all necessary matters concerning the Settlement, including: whether the proposed settlement of the Action on the terms and conditions provided for in the Agreement is fair, adequate, and reasonable and should be finally approved by the Court; whether the plan of allocation contained in the Agreement should be approved as fair, adequate, and reasonable to the Participating Class Members; and, to finally approve the Class Counsel Award.

10. The Court approves, as to form and content, the Notice and Claim and Consent To Join Settlement Form annexed as Exhibits 1 and 2, respectively, to the Agreement. The Court finds that the distribution of the Notice substantially in the manner and form set forth in the Agreement and this Order meets the requirements of due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

11. To effectuate the Settlement, the Court hereby establishes the following deadlines and dates for the acts and events set forth in the Agreement, and directs the parties to incorporate the information, deadlines and dates in the Notice attached to the Agreement as follows:

| DESCRIPTION | DEADLINE |
|---|---|
| Deadline for Defendant to provide to Class Counsel an Excel spreadsheet listing each FLSA Class Member and, separately, each PMWA Class Member, along with the person's name, last known residential address, and individual Settlement Award. | Within seven (7) calendar days after the Preliminary Approval Order. |
| Deadline for mailing of Notices by Class Counsel. | Within ten (10) calendar days after receipt of the Excel spreadsheet of all Class Members from Defendant. |
| Deadline for Class Members to submit Claim and Consent to Join Settlement forms, or to exclude themselves from the Settlement, or to submit written objections to the Settlement (the "Notice Response Deadline"). | Within sixty-three (63) calendar days after the initial mailing of Notice. |
| Deadline for Class Representatives to file Motion for Final Approval, including any request for attorneys' fees and costs. | Within fourteen (14) calendar days after the Notice Response Deadline. |
| Deadline for Final Approval and Fairness Hearing | At least fourteen (14) calendar days after the Notice Response Deadline. |
| Deadline for Defendant to make the payments and distributions from the Maximum Settlement Amount as set forth in paragraph 17 of the Agreement. | Within twenty-one (21) calendar days of the Effective Date. |
| Deadline for Class Counsel to mail individual payments to each Participating Class Member. | Within fifteen (15) calendar days after Class Counsel receives the individual payments from Defendant. |

12. The Final Fairness and Approval Hearing is hereby scheduled for March 15, 2016 at 9:30 (a.m.)/p.m., in Courtroom 2, 228 Walnut Street, Harrisburg, PA 17108.

IT IS SO ORDERED.

DATED: 11-2-15

Hon. John E. Jones, III, U.S.D.J